Wright, J.,
delivered tbe opinion of the Court.
*613 The defendant, Nane, on the trial of this cause, offered in evidence, what purported to be the copy of a survey of the lands of Giles Brooks, in a division among his heirs, made by Joseph Brown, surveyor, and signed by Henry Taylor, John Bayless, Calvin Finch, William Calvert and John Parker. This paper was without date, and recited on its face, that it was made in pursuance of an order of the County Court of Washington. It was without caption, and the only evidence of its authenticity, either as a record or private paper, was the following certificate: “ The foregoing is a true copy, as appears of record in my office, February 20, 1856. ' IIeNey IIoss, Clerk.”
The reading of this paper was objected to by Simpson, and the objection sustained by the Court. In this we think there was no error. The clerk’s certificate is defective in not showing from what Court the paper came. It has no caption, and does not appear to be the record of any Court; nor that it was authorized or adopted, in any suit or proceeding in any' Court whatever, having authority in the matter. 1 Grreenl. Ev., § 513, 498.
The said Nane applied for a new trial; but this was denied by the Circuit Court. He based his application upon his own affidavit, stating that he was taken by surprise in the rejection of said survey, the same having been read without objection on a former trial of the cause; and further states, that he applied to the Clerk by one Henry Sliger, for said record, and that he thought he had all of it, but finds at February session, 1812, of the County Court, the order for said partition was duly made, and is of record in said office, *614 but in making out said record, the clerk inadvertently omitted this part of the record; and he exhibits what purports to be the copy of an order,' appointing the aforesaid persons “to lay off and divide the real estate of Giles Brooks, deceased, in the county of Washington, amongst his heirs, according to' law, and that Joseph Brown survey and run the lines of the same.” This is certified to be a true copy, as appears of record in his office at February Term, 1812, by Henry Hoss, clerk of the County Court of Washington county. He also exhibits a certified copy of said survey, and the summons issued and executed upon the surveyor and commissioners, to make said division, the summons having been issued and executed in 1812; but all these supposed records are without any caption, and do not appear to have been had in any judicial proceeding, or by the authority of any Court, and are subject to many of the objections taken to the survey rejected by the Court. The Circuit Judge acted properly in refusing a new trial. A party cannot be heard to say he was surprised by the rejection of illegal evidence by the Court. Cook, 247-249; 3 Humph., 222-224. And if these papers exist in the form of records, so as to be admissible as evidence, the defendant was certainly guilty of great neglect, in not having them in due form, to be used on the trial.
Nor can we grant a new trial, because of the mistake made by the register in copying the deed from Daniel Dickins to Robert Hampton. It is stated in the bill of exceptions by the Court, as a reason for refusing the new trial on this point; that it was the opinion of the Court from other facts proved in the cause that the *615 date of said deed was wholly immaterial. These other facts are not set out in the record, and we are to presume that the Circuit Judge’s opinion and action were proper, unless shown to be erroneous.
Judgment affirmed.